IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PROMOTE INNOVATION LLC, | Case No. 2:10-cv-239 |
| Plaintiff, | |
| v. | FIRST AMENDED COMPLAINT FOR FALSE PATENT MARKING |
| DIRECTV, DIRECTV GROUP,INC., DIRECTV HOLDINGS LLC, DIRECTV, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff PROMOTE INNOVATION LLC alleges as follows:

## NATURE OF THE CASE

1.   This is an action for false patent marking brought under Section 292 of the Patent Act (35 U.S.C. § 292), which provides that any person may sue to recover the civil penalty for false patent marking.  Plaintiff Promote Innovation brings this qui tam action on behalf of the United States of America.

## PARTIES

2.   Plaintiff PROMOTE INNOVATION LLC is a Texas limited liability company with a principal place of business in Houston, Texas.

3.   Defendant DIRECTV is a Delaware corporation.

4.   Defendant DIRECTV GROUP, INC. is a Delaware corporation.

5.   Defendant DIRECTV HOLDINGS LLC is a Delaware limited liability company.

6.   Defendant DIRECTV, INC. is a California corporation.

## JURISDICTION AND VENUE

7. The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over defendants. Defendants conduct business within the State of Texas. Defendants offer for sale, sell, mark, and/or advertise the products that are the subject of this complaint in the United States, the State of Texas, and the Eastern District of Texas.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a).

## FACTS

10. Defendants have falsely marked and/or continue to falsely mark their DIRECTV receiver products (the Falsely Marked Products) with patents that have expired, and/or are inapplicable to the Falsely Marked Products, including at least U.S. Patent Nos. 4,577,216, 4,631,603; 4,819,098; 4,907,093; 4,706,121; 5,335,227; and/or 6,381,741 (the Falsely Marked Patents). Such false marking by defendants includes marking the Falsely Marked Patents upon, affixing the Falsely Marked Patents to, or using the Falsely Marked Patents in advertising in connection with the Falsely Marked Products.

11. U.S. Patent No. 4,631,603 expired on April 17, 2005.

12. U.S. Patent No. 4,819,098 expired on April 4, 2006.

13. U.S. Patent No. 4,907,093 expired on March 6, 2007.

14. U.S. Patent No. 4,706,121 expired on July 12, 2005.

15. It was a false statement for defendants to mark the Falsely Marked Products with an expired or otherwise inapplicable patent.

16. Defendants have decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits. Defendants' patents, including the Falsely Marked Patents, were prosecuted by sophisticated legal counsel.

17.     Defendants knew that a patent that is expired does not cover any product.

18.     Defendants knew that it was a false statement to mark the Falsely Marked Products with an expired or otherwise inapplicable patent.

## INJURY IN FACT TO THE UNITED STATES

19.     Defendants' false marking injured the United States.

20.     Defendants' false marking caused injuries to the sovereignty of the United States arising from defendants' violations of federal law, specifically, defendants' violation of 35 U.S.C. § 292(a).

21.     Defendants' false marking caused proprietary injuries to the United States.

22.     The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design, such as the Falsely Marked Products.

23.     Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain—such as those described in the Falsely Marked Patents.

24.     Congress's interest in preventing false marking was so great that it enacted a statute which sought to encourage private parties to enforce the statute. By permitting members of the public to bring qui tam suits on behalf of the government, Congress authorized private persons like Promote Innovation to help control false marking.

25.     Defendants' acts of false marking deter innovation and stifle competition in the marketplace for at least the following reasons: if an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market; false marks may also deter scientific research when an inventor sees a mark and decides to forego

continued research to avoid possible infringement; and false marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

26. Defendants' false marking misleads the public into believing that the Falsely Marked Patents give Defendants control of the Falsely Marked Products (as well as like products), and places the risk of determining whether the Falsely Marked Products are controlled by such patents on the public rather than on defendant, thereby increasing the cost to the public of ascertaining whether defendant in fact controls the intellectual property embodied in the Falsely Marked Products.

27. Thus, in each instance where defendants represent that the Falsely Marked Products are protected by the Falsely Marked Patents, a member of the public desiring to participate in the market for products like the Falsely Marked Products must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.

28. Defendants' false markings may also create a misleading impression that the Falsely Marked Products are technologically superior to previously available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

29. Every person or company in the United States is a potential entrepreneur with respect to the process, machine, manufacture, or composition of matters described in the Falsely Marked

Patents. Moreover, every person or company in the United States is a potential competitor of defendant with respect to the Falsely Marked Products marked with the Falsely Marked Patents.

30. Each Falsely Marked Product or advertisement thereof, because it is marked with or displays the Falsely Marked Patents without identifying them as expired, is likely to, or at least has the potential to, discourage or deter each person or company (itself or by its representatives) which views such marking from commercializing a competing product, even though the Falsely Marked Patents do nothing to prevent any person or company in the United States from competing with defendant in commercializing such products.

31. Defendants' marking of the Falsely Marked Products with expired patents and/or advertising thereof has quelled competition with respect to similar products to an immeasurable extent, thereby causing harm to the United States in an amount that cannot be readily determined.

32. Defendants have wrongfully and illegally advertised a patent monopoly that they do not possess and, as a result, have benefited by increasing, or at least maintaining, their market power or commercial success with respect to the Falsely Marked Products.

33. Each individual false marking (including each time an advertisement with such marking is accessed on the internet), is likely to harm, or at least potentially harms, the public. Thus, each such false marking is a separate offense under 35 U.S.C. § 292(a).

34. Each offense of false marking creates a proprietary interest of the United States in the penalty that may be recovered under 35 U.S.C. § 292(b).

35. For at least the reasons stated in paragraphs 10 to 34 above, defendants' false marking caused injuries to the sovereignty of the United States arising from defendant's violations of federal law, and caused proprietary injuries to the United States.

## CLAIM

36.     For the reasons stated in paragraphs 10 to 35 above, defendants have violated section 292 of the Patent Act by falsely marking their products with intent to deceive the public.

## PRAYER FOR RELIEF

Plaintiff thus requests this Court, pursuant to 35 U.S.C. § 292 to do the following:

    A.     Enter judgment against defendants and in favor of plaintiff for the violations alleged in this complaint;

    B.     Order defendants to pay a civil monetary fine of $500 per false marking offense, or an alternative amount a determined by the Court, one-half of which shall be paid to the United States;

    C.     Grant plaintiff such other and further relief as it may deem just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: August 20, 2010

    Respectfully submitted,

    /s/ Zachariah S. Harrington
    Zachariah S. Harrington (lead attorney)
    Texas Bar No. 24057886
    zac@ahtlawfirm.com
    Matthew J. Antonelli
    matt@ahtlawfirm.com
    Texas Bar No. 24068432
    Larry D. Thompson, Jr.
    Texas Bar No. 24051428
    larry@ahtlawfirm.com
    ANTONELLI, HARRINGTON & THOMPSON LLP
    4200 Montrose Blvd., Ste. 430
    Houston, TX 77006
    (713) 581-3000

    Attorneys for
    PROMOTE INNOVATION LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 20th day of August, 2010.

    /s/ Zachariah S. Harrington
    Zachariah S. Harrington